**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

SHERWOOD RUTHERFORD,
          *Defendant-Appellant.*

No. 02-4142

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
G. Ross Anderson, Jr., District Judge.
(CR-96-328)

Submitted: September 5, 2002

Decided: September 12, 2002

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

W. Reynolds Williams, WILLCOX, BUYCK & WILLIAMS, P.A.,
Florence, South Carolina, for Appellant. Mark C. Moore, Assistant
United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Sherwood Rutherford appeals his conviction and sentence of fifty-seven months imprisonment following his guilty plea to distribution and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (2000). Rutherford's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting there was not a sufficient factual basis for the finding of guilt and the computation of relevant conduct, but stating that, in his view, there are no meritorious grounds for appeal. Advised of his right to file a pro se supplemental brief, Rutherford has not done so. Finding no reversible error, we affirm.

Rutherford contests the facts supporting his finding of guilt. A valid guilty plea constitutes admission of the material elements of the offense and precludes a challenge of the factual merits of the charge. *See United States v. Willis*, 992 F.2d 489, 490-91 (4th Cir. 1993). We have reviewed the record and the Fed. R. Crim. P. 11 hearing and find Rutherford's guilty plea was valid. As to the determination of relevant conduct, Rutherford withdrew his objections to the presentence report's attribution of relevant conduct, and he fails to allege on appeal any specific facts contesting the accuracy of the amount of drugs attributed to him. *See United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990).

As required by *Anders*, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm Rutherford's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*